IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KRISTIN MIKULA, individually and on behalf of all others similarly situated, ) ) ) Plaintiff, ) ) v. ) ) RUGSUSA, LLC, ) ) Defendant. ) | CIVIL ACTION FILE NO.: _____ |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant RugsUSA, LLC ("Defendant") hereby removes this action from the Superior Court of Fulton County, Georgia to the United States District Court for the Northern District of Georgia, Atlanta Division pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. As grounds for this removal, Defendant states as follows:

### I.  Background

1. On March 11, 2025, Plaintiff Kristin Mikula ("Plaintiff") filed a Class Action Complaint in the Superior Court of Fulton County, Georgia, entitled *Kristin Mikula v. RugsUSA, LLC*, Case No. 25CV003206 (the "State Court Action"). The Complaint is attached hereto as **Exhibit A** (the "Complaint" or "Compl.").

2. In the Complaint, Plaintiff alleges that Defendant misrepresented the reference prices, strikethrough prices, and/or discounts for products available on

1

Defendant's website ("Products") in order to induce consumers, including Plaintiff, "into making a purchase they otherwise would not have made." Compl. ¶ 5.

3. The Complaint asserts five causes of action against Defendant for: (1) Breach of Contract (Count I), (2) Unjust Enrichment in the Alternative (Count II), (3) Fraud (Count III), (4) Breach of Express Warranty (Count IV), and (5) Violation of the Georgia Fair Business Practices Act ("FBPA") O.C.G.A. § 10-1-393 (Count V). *See* Compl. ¶¶ 69-119. Plaintiff asserts her claims individually and on behalf of a putative class comprising "thousands" of Georgia residents who purchased one or more Products advertised at a discount on Defendant's website. *See* Compl. ¶¶ 58, 61.

4. Plaintiff seeks, among other things, actual, compensatory, statutory, and/or punitive damages, as well as declaratory relief, injunctive relief, and reasonable attorneys' fees. *See* Compl. at Prayer for Relief and ¶¶ 69-119. This includes claims for "actual damages for all monies paid in violation of FBPA." *See* Compl. ¶ 113.

5. Pursuant to 28 U.S.C. § 1446(a), a copy of all other process, pleadings, and orders in the State Court Action, including the Case Initiation Form, Summons, and Waiver of Service of Summons, are attached hereto as **Exhibit B**.

6. Defendant was served via Waiver of Service of Summons on April 14, 2025. *See* **Exhibit B**.

## II. Grounds for Removal

7. Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

8. This action may be removed under 28 U.S.C. § 1441(a) because this Court would have original jurisdiction under the Class Action Fairness Act ("CAFA"), codified at 28 U.S.C. § 1332(d).

9. CAFA vests federal district courts with original jurisdiction over a putative "class action" that meets certain jurisdictional requirements. CAFA defines the term "class action" as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

10. CAFA states "the district courts 'shall have original jurisdiction' over class actions that have at least 100 members, an amount-in-controversy exceeding $5 million, and minimal diversity between the parties (that is, any member of the proposed class must be a citizen of a state different from any defendant)." *Fox v.*

*Ritz-Carlton Hotel Co., L.L.C.*, 977 F.3d 1039, 1045 (11th Cir. 2020) (quoting 28 U.S.C. § 1332(d)). Each of these elements is satisfied here.

### A.     The Proposed Class Contains at Least 100 Members.

11.    Plaintiff purports to bring this action individually and on behalf of a class of "all class members who purchased one or more RugsUSA Products advertised at a discount on Defendant's website in Georgia[.]" Compl. ¶ 58.

12.    This action is a "class action" under CAFA because it is a "civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. §§ 1332(d)(1)(B).

13.    The Complaint alleges that the proposed class Plaintiff seeks to represent "comprises at least thousands of consumers throughout Georgia." Compl. ¶ 61. In light of the foregoing, the proposed class contains at least one hundred members, and the numerosity element is therefore satisfied on the face of the pleading.

### B.     CAFA's Minimal Diversity Requirement is Satisfied.

14.    CAFA's minimal diversity standard is met if "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). Plaintiff resides in Fulton County, Georgia, and "at all times

4

material hereto, was a citizen of Georgia[.]" Compl. ¶¶ 8, 10. The putative class is also composed of solely Georgia residents. *Id.* ¶ 58.

15.     Defendant RugsUSA, LLC is a limited liability company. "[A] limited liability company is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). RugsUSA, LLC has a single member, RugsUSA Holdings, Inc. (**Exhibit C**, Declaration of John A. Martin in Support of Defendant's Notice of Removal ¶ 4). A corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the state or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). "The principal place of business of a corporation is its 'nerve center[]'. . . that is 'normally . . . the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination[.]'" *Havana Docks Corp. v. Royal Caribbean Cruises, Ltd.*, 119 F.4th 1276, 1279 (11th Cir. 2024) (quoting *Hertz Corp. v. Friend,* 559 U.S. 77, 93, 130 S. Ct. 1181, 175 L. Ed. 2d 1029 (2010)). RugsUSA Holdings, Inc. is a Delaware corporation with its principal place of business in New Jersey. (Ex. C, Martin Decl. ¶ 4.) Therefore, RugsUSA Holdings, Inc. is a citizen of Delaware and New Jersey. Because RugsUSA Holdings, Inc. is a citizen of Delaware and New Jersey, and RugsUSA Holdings, Inc. is the sole member of RugsUSA, LLC, Defendant is a citizen of Delaware and New Jersey.

Accordingly, this action satisfies CAFA's requirement for minimal diversity because Plaintiff and members of the putative class are citizens of a state different from Defendant.

### C.     The Amount in Controversy Exceeds $5 Million.[1]

16. This Court has jurisdiction over a class action where "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs." 28 U.S.C. § 1332(d)(2). The putative class members' claims are aggregated to determine the amount in controversy. *Id.* § 1332(d)(6).

17. In determining whether the claims in a complaint meet the jurisdictional amount, the district court may "make reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable. Put simply, a district court need not suspend reality or shelve common sense in determining whether the face of a

---

[1] For the sole and limited purpose of establishing the basis of this Court's jurisdiction over this action, Defendant assumes as true Plaintiff's allegations in the Complaint, but Defendant denies any liability in case, both as to Plaintiff's individual claims and as to the proposed class members' claims, and further denies that Plaintiff's class allegations are sufficient or that any class could ever be certified. In alleging the amount in controversy and other matters in this removal pleading, Defendant does not concede any liability, damages, or any other claims or defenses. Defendant is only stating what the stakes of the litigation could be under Plaintiff's allegations. "[T]he plaintiffs' likelihood of success on the merits is largely irrelevant to the court's jurisdiction because the pertinent question is what is in controversy in the case, not how much the plaintiffs are ultimately likely to recover." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010) (quoting *Amoche v. Guarantee Trust Life Ins. Co.*, 556 F.3d 41, 51 (1st Cir. 2009)).

complaint . . . establishes the jurisdictional amount." *Roe v. Michelin N. Am., Inc.,* 613 F.3d 1058, 1061-62 (11th Cir. 2010) (internal quotations omitted).

18.     When, like here, a plaintiff "does not state the amount in controversy, the defendant's notice of removal may do so" and "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens,* 574 U.S. 81, 84, 89 (2014). That allegation, if made "in good faith . . . should be accepted when not contested by the plaintiff or questioned by the court." *Id.* at 87.

19.     Plaintiff's Complaint fails to state an amount she seeks in damages. But the nature of her claims and allegations demonstrate that Plaintiff seeks relief on behalf of her putative class in an amount exceeding $5 million. *See Dart,* 574 U.S. at 84, 89; *Roe,* 613 F.3d at 1061-62, 1064. Plaintiff seeks actual, compensatory, statutory, and/or punitive damages, as well as injunctive relief, declaratory relief, and attorney's fees, *see* Compl. at Prayer for Relief and ¶¶ 69-119, on behalf of a proposed class that "comprises at least thousands of consumers throughout Georgia." *Id.* ¶ 61.

20.     Plaintiff alleges that Defendant's actions "caused Plaintiff and class members to make purchases they otherwise would not have made," Compl. ¶ 54, and seeks actual damages on behalf of a proposed class that "comprises at least thousands of consumers throughout Georgia." *Id.* ¶ 61. In addition, Plaintiff claims

that actual damages include "all monies paid in violation of FBPA." *See* Compl. ¶ 113.

21.  Between March 11, 2023 and April 23, 2025 alone, Defendant made more than 25,000 sales to thousands of individual consumers in the state of Georgia with an advertised discount. The amount of money paid by Georgia consumers during this time period exceeds $7 million dollars. (Ex. C, Martin Decl. ¶ 5.) Therefore, based on Plaintiff's class allegations on actual damages alone, the amount in controversy easily exceeds the threshold for jurisdiction under CAFA, even without considering the claim for punitive damages, attorneys' fees, and injunctive and declaratory relief.

22.  Plaintiff also seeks an award of punitive damages. Compl. ¶ 118. "When determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered[.]" *Holley Equipment Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987).

23.  Plaintiff also seeks an award of attorneys' fees. Compl. ¶ 119. "When a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265. Here, Plaintiff asserts a cause of action under the FBPA, which authorizes the recovery of attorney's fees. O.C.G.A. § 10-1-399 (d). Therefore, a reasonable amount of attorney's fees is included in the amount in controversy.

24. Plaintiff also seeks injunctive and declaratory relief. Compl. at Prayer for Relief and ¶¶ 16, 62, 66, 117. "[F]or purposes of CAFA, [courts] aggregate the claims of individual class members and consider the monetary value that would flow to the entire class if [injunctive or] declaratory relief were granted." *Anderson v. Wilco Life Ins. Co.*, 943 F.3d 917, 925 (11th Cir. 2019) (internal quotation marks and citation omitted). Undoubtedly, the value of any injunctive or declaratory relief would be significant, as Plaintiff seeks an order that may result in the recovery of the price of Defendant's Products purchased by "at least thousands of consumers throughout Georgia." Compl. ¶ 61.

25. Accordingly, Plaintiff's Complaint exceeds the CAFA threshold of $5,000,000, exclusive of interest and costs.

### III.   Removal is Timely

26. "When the plaintiff files a waiver of service with the court, the action shall proceed . . . as if a summons and complaint had been served at the time of filing the waiver, and no proof of service shall be required." O.C.G.A. § 9-11-4 (d)(6).

27. Plaintiff filed Defendant's Waiver of Service of Summons on April 14, 2025. *See* **Exhibit B**. Accordingly, service was effective April 14, 2025.

28. Pursuant to 28 U.S.C. § 1446(b), Defendant filed this removal within 30 days of the effective service date of April 14, 2025.

## IV. Venue

29. Venue is proper in this district and in this division pursuant to 28 U.S.C. § 1441(a) because the United States District Court for the Northern District of Georgia, Atlanta Division, is the federal judicial district encompassing the Superior Court of Fulton County, Georgia, where Plaintiff originally filed this action.

## V. Notice to Plaintiff and the Superior Court

30. As required by 28 U.S.C. § 1446(d), Defendant is filing in the Superior Court of Fulton County, Georgia and serving upon Plaintiff and her counsel of record a Notice to State Court and Adverse Party of Removal of Civil Action to Federal Court (with these removal papers attached). A copy of that Notice without its attachments is attached as **Exhibit D**.

31. As required by 28 U.S.C. § 1446(a), this Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

## VI. Non-Waiver of Defenses

32. By removing this action, Defendant does not admit any of the allegations contained in the Complaint. Nor does Defendant waive any rights or defenses available to it in this action. Defendant also reserves the right to amend or supplement this Notice of Removal.

## VII. Conclusion

WHEREFORE, Defendant respectfully requests that this matter be removed to the United States District Court for the Northern District of Georgia, Atlanta Division.

Respectfully submitted this 12th day of May 2025.

**DREW ECKL & FARNHAM, LLP**
*/s/ Megan Mathews Noble*
Megan Mathews Noble, Esq.
Georgia Bar No. 477009
303 Peachtree Street, NE, Suite 3500
Atlanta, GA 30308
Telephone: (404) 885-6142
Facsimile: (404) 876-0992
NobleM@deflaw.com

*Counsel for Defendant, RugsUSA, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 12, 2025, I electronically filed a copy of the foregoing *Notice of Removal* with the Clerk of Court using the Court's CM/ECF and served a true and correct copy via electronic mail on the following counsel of record:

R. Brent Irby
brent@lyonsirby.com
**LYONS IRBY, ATTORNEYS AT LAW**
2201 Arlington Ave S
Birmingham Alabama 35205

**BURSOR & FISHER, P.A.**
Julian Diamond
jdiamond@bursor.com
Matthew Girardi
mgirardi@bursor.com
1330 Avenue of the Americas, Floor 32
New York, NY 10019

Simon Franzini
simon@dovel.com
**DOVEL & LUNER, LLP**
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401

Respectfully submitted this 12th day of May 2025.

**DREW ECKL & FARNHAM, LLP**
*s/ Megan Mathews Noble*
Megan Mathews Noble, Esq.
Georgia Bar No. 477009
*Counsel for Defendant, RugsUSA, LLC*